The Court.
On this point, as to the admissibility of this testimony in regard to the fair, actual market value of the articles in the principal markets of Prance, in the absence *533 of fraud upon the part of the collector and the officer of appraisal, it can hardly he doubted that prior to June 30,1864, the system of legislation in regard to the effect of appraisals, and the judicial decisions upon the binding character of appraisals free from fraud, and made in conformity with the statute, were substantially uniform. The importer was bound by the appraisal, which was established in conformity with the statutes, after appeal, provided such appraisal was made by persons equipped with power and without fraud.
On June 30, 1864, (the then existing statute in regard to appraisals having been passed in 1851,) a tariff act was passed, of which the fourteenth and fifteenth sections related to the effect of a decision of the collector upon the rate and amount of duties, and the prerequisites necessary to be taken for a review of such decision either by the secretary of the treasury or by the courts. If no further legislation had taken place there might be room for argument that the decision of the collector, upon appraisal made after appeal, in accordance with the act of 1851, was not final in the sense-that it could not be reviewed by the secretary or by the-courts, for it might be argued that while the decision of the collector as to the rate of duties affected the classification only of articles, yet that his decision as to amount involved both classification and value; that the amount was the product of rate and value, and that, therefore, an appeal from his decision as to amount of duties necessarily implied an appeal from his decision as to value. But since that time the Revised Statutes have been enacted.
Section. 2930 re-enacts substantially the act of 1851. Sections 2931 and 2932 contain substantially the fourteenth and fifteenth sections of the act of June 30, 1864. If the-act of 1851, under the provisions of which a final appraisal had been regarded as a finality ever since its enactment, had been modified or repealed by the act of June 30, 1864, it seems as if the revisers and congress would have announced such modification in plain terms; but, on the contrary, the finality on an appraisal is left in substantially the phraseology of the act of 1851, while the decision of the collector is *534 declared to be reviewable upon the specific questions specifically stated. The reproduction of the act of 1851, in substantially its original language, seems to me to be controlling in respect to any supposed legislative repeal by implication. It is claimed that section 3011, being a re-enactment-of the act of 1845 in regard to suits against collectors to recover money paid under protest, gives power to test the question of value; but section 3011 had existed from 1845 to 1864, and during this time the supreme court had repeatedly decided that a valid appraisal was final. The last decision on the subject was made by Judge Clifford in the first circuit, in 1863. If the act of 1845 had no effect upon the appraisal acts of 1842 and 1851, it is difficult for me to see how it has an enlarged effect, as section 3011, upon section 2930, which is the act of 1851.
Again, we have in the revision three sections — 2930, 2931, and 3011. They must be construed together. The positive declaration of 2930 is that an appraisal made by the proper officer, after appeal, is final. It would be in my judgment a great stretch to construe this language to be modified by section 3011, especially as the supreme court has repeatedly given to this statute, upon this part of the tariff system, a construction in opposition to that which is now claimed by the plaintiffs.
The testimony is excluded.